(No. 12286.—Judgment affirmed.)

THE CHICAGO STEEL FOUNDRY COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(ALBERT SCHULTZ, Defendant in Error.)

*Opinion filed February 20, 1919.*

1. WORKMEN'S COMPENSATION—*when Supreme Court will not weigh the evidence.* If there is in the record any competent evidence upon which the finding of the Industrial Commission can be based the Supreme Court will not weigh the evidence.

2. SAME—*what objection is waived if not assigned before the Industrial Commission.* Where physicians advise that an injured employee must submit to a minor operation before he can be entirely healed of the injury, and the employer agrees before the arbitrator to pay for the operation if such employer is liable for compensation, an objection that the employee forfeited his right to part of his compensation by his refusal to undergo the operation is waived by failure to assign it as ground for review before the Industrial Commission.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

MACCHESNEY, BECKER, ANGERSTEIN & ROLLO, (NATHAN W. MACCHESNEY, THOMAS C. ANGERSTEIN, and GEO. W. ANGERSTEIN, of counsel,) for plaintiff in error.

CHARLES W. LAMBORN, and JOHN A. ULRICH, for defendant in error.

. Mr. JUSTICE STONE delivered the opinion of the court:

The circuit court of Cook county affirmed the award of the Industrial Commission in favor of the defendant in error, Albert Schultz, for injuries received by him while in the employment of plaintiff in error.

Plaintiff in error contends the judgment is erroneous, on the ground that the finding of the Industrial Commission was based on incompetent and improper evidence and

on erroneous legal conclusions and that there was no competent evidence upon which said finding could be based. The rule is well settled that if there is in the record any competent evidence upon which the finding of the Industrial Commission can be based this court will not weigh the evidence. *Munn* v. *Industrial Board,* 274 Ill. 70; *Parker-Washington Co.* v. *Industrial Board,* 274 id. 498; *Pekin Cooperage Co.* v. *Industrial Com.* 285 id. 31.

It is contended by plaintiff in error that the injury did not arise out of and in the course of the employment of defendant in error. Schultz, who was employed to do general carpenter work in and about the plant and yard of the plaintiff in error, was injured while assisting in the carrying of railroad iron to be used in the construction of a switch track in the yards of the plaintiff in error, which track was the property of and was being installed by plaintiff in error. Schultz testified that he was directed by the superintendent of plaintiff in error to assist in the work in which he was injured and was then so engaged by reason of such direction. This testimony is not positively denied by the superintendent, who testified that he did not remember Schultz ever having worked on said track but that the plaintiff in error occasionally shifted the men about as the necessity arose. Other witnesses, employees of plaintiff in error, testified to the same effect. There was competent evidence in the record fairly tending to sustain the finding of the Industrial Commission that the injury arose out of and in the course of the employment of the defendant in error.

It appears that a hernia developed from the injury in question. Schultz was operated on for this hernia on August 15, 1916, remaining in the hospital till September 5, by which time the wound of the operation appeared to have healed. There remained, however, a soreness in the region of the hernia which at times was accompanied by vomiting. Schultz was again placed in the hospital on February 14, 1917, for observation, remaining there until February 25,

after which time he was reported by the doctors in charge to have recovered with the exception of the pain in the region of the hernia, which they found due to an adhesion of a nerve to the scar tissue. They also reported that such would be relieved by a minor operation dissecting out said nerve from this scar tissue, which would require four additional weeks for healing. The arbitrator made an award of twenty-four weeks' temporary total disability, four weeks of which was for the proposed operation to relieve the nerve referred to. Plaintiff in error agreed before the arbitrator that if there was any liability for compensation the plaintiff in error would provide for this last named operation. That operation was not performed. Plaintiff in error filed its petition for review with the Industrial Commission, the sole ground assigned in the petition being that the award was contrary to the law and evidence. There was no assignment as ground for review before the Industrial Commission that defendant in error refused to submit to the second operation. The Industrial Commission set aside the finding of the arbitrator, and on the evidence taken before the arbitrator and by the Industrial Commission on review made an award of sixty-eight weeks for temporary total disability. No finding was made by the Industrial Commission as to whether or not the defendant in error refused to submit to the second operation or that such a refusal would be unreasonable. It is here urged for the first time that the defendant in error forfeited his right to said compensation, or some part thereof, by his refusal to submit to the second operation. This objection is one that might be waived by failure to assign it as ground for review before the Industrial Commission and must be held to have been so waived. It is therefore too late to raise it now for the first time. *Storrs* v. *Industrial Com.* 285 Ill. 595; *Chicago Packing Co.* v. *Industrial Board,* 282 id. 497; *American Milling Co.* v. *Industrial Board,* 279 id. 560.

The circuit court did not err in affirming the finding of the Industrial Commission and in entering judgment on the award, and its judgment will be affirmed.

*Judgment affirmed.*